**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 11 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LA RONDA CRAWFORD,

Defendant-Appellant.

No. 97-3349
(Dist. of Kansas)
(D.C. No. 97-3088-DES)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has unanimously determined that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Petitioner's request to submit the case on the briefs is granted, and the case is ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on La Ronda Crawford's *pro se* motions for a certificate of appealability and motion for leave to proceed on appeal *in forma pauperis*. Crawford's motion for leave to proceed *in forma pauperis* is well taken and is therefore granted. Nevertheless, because Crawford has not made a substantial showing of the denial of a federal right, we **deny** her request for a certificate of appealability and **dismiss** this appeal. 28 U.S.C. § 2253(c)(1), (2).

Crawford brought this § 2255 petition before the district court on March 1, 1997. As grounds for the petition, Crawford alleged that her attorney provided ineffective assistance in the following two particulars: (1) he failed to inform her that she had the right to appeal her guilty plea; and (2) he failed to intervene when her silence was used against her at her sentencing hearing. In addition, Crawford claimed her sentence was improperly enhanced for obstruction of justice and she was improperly sentenced to a 240 month term of imprisonment pursuant to the recidivist language of 21 U.S.C. § 841(b)(1)(A).[1] The district court denied Crawford's petition on the following grounds: (1) her claims of ineffective assistance were "without merit"; (2) the enhancement for obstruction of justice played no part in Crawford's sentence because the district court ultimately

---

[1]Section 841(b)(1)(A) provides that a person with a prior felony drug offense who is convicted of violating section 841 "shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment."

sentenced Crawford to the statutorily required minimum sentence;[2] and (3) Crawford's prior state felony drug conviction was a proper predicate felony for purposes of the enhanced recidivist minimum mandatory under this court's decision in *United States v. Short*, 947 F.2d 1445, 1459-60 (10th Cir. 1991).

Crawford is not entitled to appeal the district court's denial of her § 2255 petition unless this court grants her a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Crawford is entitled to such a certificate only if she can make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). She can make such a showing by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983).

Upon *de novo* review of Crawford's application for a certificate of appealability and appellate brief, the district court's Order, and the entire record on appeal, this court concludes that Crawford has failed to demonstrate that the district court's resolution of her claims relating to the obstruction of justice enhancement and minimum mandatory sentence is debatable or is reasonably

---

[2]The district court also noted that, contrary to Crawford's assertions, the obstruction of justice enhancement did not affect the availability of "safety valve" relief under U.S.S.G. § 5C1.2. Because Crawford had six criminal history points, the "safety valve" provision was not applicable to her sentence. U.S.S.G. § 5C1.2(1).

subject to a different outcome on appeal to this court. Furthermore, although the district court's resolution of Crawford's ineffective assistance claims is summary, those claims are not deserving of further proceedings in this court. Crawford's petition, judged charitably, contains nothing more than vague and conclusory allegations of ineffectiveness. It clearly fails to allege any concrete prejudice flowing from the actions of her trial counsel as required under *Strickland v. Washington*, 466 U.S. 668, 694-95 (1984). Because Crawford has failed to make a substantial showing of the denial of a constitutional right, this court **DECLINES** Crawford's request for a certificate of appealability and **DISMISSES** this appeal.

                                        ENTERED FOR THE COURT


                                        Michael R. Murphy
                                        Circuit Judge

-4-